IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB DUFFEE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-2099-B (BK) |
| | § | |
| KONG'S PROPERTIES, LTD, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that the complaint be dismissed, *sua sponte,* without prejudice for want of jurisdiction.

**I. BACKGROUND**

Plaintiff, a resident of Nacogdoches, Texas, filed a *pro se* civil action, individually and on behalf of the members of the Texas Association of Disabled Persons, against Kong's Properties, LTD, the owner and operator of Pancho's Mexican Buffett in Dallas, Texas. In response to the Court's deficiency order, Plaintiff submitted an *Amended Complaint* abandoning all claims on behalf of the members of the Texas Association of Disabled Persons. The Court subsequently granted Plaintiff's request to proceed *in forma pauperis*, but did not issue process pending preliminary screening. To inquire about the factual bases for the complaint, the Court issued two questionnaires, which Plaintiff has answered.

The *Amended Complaint*, as supplemented by the answers to the questionnaires, sues Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et*

*seq.,* the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36, App. A, and Texas law. (Doc. 8 at 4-9; Doc. 7, ans. 1.) Plaintiff, who allegedly suffers from a psychological anxiety disorder, contends that he has encountered "architectural barriers" at Pancho's Mexican Buffett, which discriminate against him as a result of his disability. (Doc. 8 at 3.) According to Plaintiff, the following structural barriers prevent him and others from participating in or benefiting from the goods, services, facilities, privileges, or accommodations provided by Defendant:

- mirrors in restrooms are located above lavatories or countertops with bottom edges of the reflecting surface exceeding 40" above the floor;

- lavatories are mounted more than 34" above the floor;

- pipes underneath the restroom sinks are not insulated or otherwise configured to protect against contact;

- rim of a urinal exceeds 17";

- coat hooks in restrooms are mounted more than 54" above the floor;

- signs designating permanent rooms and spaces do not comply with federal or state guidelines;

- door pulls require tight grasping and pinching;

- accessible parking spaces are not designated as reserved by signs showing the symbol of accessibility; and

- curb ramps do not have a light reflective value that significantly contrasts with that of adjoining pedestrians routes.

(Doc. 8 at 6; Doc. 7, ans. 5.) Plaintiff seeks actual or statutory damages, a permanent injunction, and declaratory relief. (Doc. 7, ans. 2.)[1]

---

1 Contemporaneously with this action, Plaintiff filed seven other civil actions alleging similar claims of discrimination under the ADA and Texas law.

## II. DISCUSSION

The threshold issue in this case is whether Plaintiff has standing to sue for violations of the ADA and its Texas counterpart, Tex. Hum. Res. Code § 121.001, et seq.[2]  Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. Const. Art. III § 2.  Standing -- the requirement that the plaintiff has a direct, personal stake in the outcome of the suit -- is an "essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."  *United States v. Hays*, 515 U.S. 737, 742 (1995); *see also Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 496 n. 1 (5th Cir. 2007) (standing is a jurisdictional requirement and not subject to waiver).

To satisfy standing, a plaintiff must establish that "he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision."  *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (cited cases omitted).  An injury in fact must be "concrete and . . . actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (quotations and quoted case omitted).  Moreover, "the injury must affect the plaintiff in a personal and individual way."  *Id.* n. 1.  "At a minimum, Article III requires a party invoking federal jurisdiction to show that he has personally suffered some actual injury or is in immediate danger of sustaining some direct injury in fact as a result of the allegedly illegal conduct of the defendant."  *See Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.*, No. 3-01-CV-0230-H, 2002 WL 546478, *2 (N.D. Tex. Apr. 10, 2002) (*citing*

---

2 Like the ADA, the Texas statute guarantees that "[p]ersons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state."  Tex. Hum. Res. Code Ann. §121.003(a) (Vernon 2003).

*Lujan*, 504 U.S. at 560-61).   In the context of an ADA action, a disabled plaintiff only has standing to assert those claims related to *his* disability.   *Id.*

Here, Plaintiff alleges that he has "encountered architectural barriers" at Defendant's restaurant that prevent him from "enjoy[ing] the goods and services [offered] to the public." (Doc. 8 at 3.)   These barriers include deficiencies in the restrooms, signage, door handles, and reserved parking spaces.   (*Id.* at 6; Doc. 7, ans. 5.)   However, Plaintiff does not suffer from any kind of *physical* disability.   Rather, he has a *psychological* anxiety disorder, which he describes as "individual fears that he will act in a way (or anxiety symptoms) that will be humiliating or embarrassing."   (Doc. 12, ans. 1.)   When asked to explain how his psychological anxiety disorder prevents him from participating in or benefitting from the goods, services, facilities, privileges, advantages, or accommodations provided by Defendant, Plaintiff responded:

> Because of the Plaintiffs affiliation with the Texas Association of Disabled Persons -- a disability rights organization -- Defendant's failure to provide accommodations [to remove structural barriers] has caused, and will continue to cause Plaintiff to fear a feeling of embarrassment, humiliation, and judgment while visiting the property. Unless the described accommodations are provided, Plaintiff fears that patronizing or visiting Defendant's place of public accommodation will be seen by others as an "endorsement" of Defendant's acts and omissions, thus, subjecting him to public ridicule, compromise his reputation as a disability rights advocate, and will cause feelings of embarrassment, humiliation, and judgment. Such a fear of feeling embarrassment, humiliation, and judgment has and will continue to aggravate the Plaintiffs disability while visiting the property, causing him to be unable to participate in or benefit from the goods, services, and facilities provided by the Defendant, <u>without experiencing</u> -- due to his condition -- <u>problems</u> concentrating, reading, speaking, communicating, learning, thinking, and or interacting with others at Defendant's place of public accommodation.

*Id.* (emphasis in original).

The Court rejects this thinly-disguised attempt to circumvent the "direct injury" requirement necessary to establish Article III standing. It is clear that none of the architectural barriers identified by Plaintiff in his complaint and answers to the questionnaire prevent him from participating in or benefitting from the goods and services offered by Defendant on account of his psychological anxiety disorder. Consequently, Plaintiff lacks standing to sue for disability discrimination under the ADA and Texas law, and his complaint should be dismissed without prejudice for lack of jurisdiction. *See Duffee v. MH.S. Enterprises, Inc.*, 3:11-CV-2103-B (N.D. Tex. Oct. 17, 2011) (dismissing similar disability discrimination complaint for want of jurisdiction because of lack of standing), *appeal pending,* No. 11-11014.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the *Amended Complaint* be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

SIGNED October 27, 2011.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE